IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMBER R. HOLLEY                                                                                          PLAINTIFF

vs.                                            Civil No. 4:08-cv-04010

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Amber R. Holley ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for SSI on April 1, 2005.  (Tr. 52-53).  Plaintiff alleged she was disabled due to back and leg pain caused by degenerative disc disease and was disabled due to an anxiety disorder.  (Tr. 557, 559).  Plaintiff alleged an onset date of February 1, 2005.  (Tr. 52).  This application was initially denied on August 19, 2005 and was denied again on reconsideration on December 20, 2005.  (Tr. 41-42).

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

On February 14, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 39). This hearing was held on January 18, 2007 in Texarkana, Arkansas. (Tr. 549-579). Plaintiff was present and was represented by counsel, Russell J. Byrne, at this hearing. *See id.* Plaintiff, Plaintiff's mother (Linda Holley), Vocational Expert ("VE") Dianne Smith testified at the hearing. (Tr. 549-579). On the date of this hearing, Plaintiff was twenty-three (23) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the twelfth grade. (Tr. 553).

On August 9, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 20-29). In this decision, the ALJ determined Plaintiff had never engaged in Substantial Gainful Activity ("SGA"). (Tr. 22, Finding 1). The ALJ determined Plaintiff had the following severe impairments: a back disorder, obesity, asthma, and an anxiety-related disorder. (Tr. 22, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 22-28, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms. (Tr. 25-28). Based upon this review, the ALJ discounted Plaintiff's subjective complaints:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible.

(Tr. 24). Second, the ALJ reviewed all the evidence in the record and hearing testimony and

determined Plaintiff's RFC. (Tr. 22-28). Specifically, the ALJ determined Plaintiff retained the RFC for a significant range of light work:

> [S]he can lift and carry up to 10-15 pounds, occasionally; can stand and walk for up to 2 hours in an 8 hour work period (30-45 minutes without interruption); can sit for up to 6 hours in an 8 hour work period (2 without interruption); can occasionally climb, balance, stoop, crouch, kneel, and crawl; is not significantly limited in her ability to reach, handle, and feel objects; can push and pull objects up to 10-15 pounds; has no significant impairment in her ability to see, hear, or speak; and should be limited in her exposure to temperature extremes and extreme levels of dust and chemicals.

(Tr. 23). *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW") that she would be able to perform, but she would be able to perform other work existing in significant numbers in the national economy. (Tr. 28-29, Findings 5, 9). Plaintiff and the VE testified at the administrative hearing regarding these issues. (Tr. 549-579). Based upon this testimony, the ALJ determined Plaintiff had no PRW. (Tr. 28). However, the ALJ also determined that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 28-29, Finding 9). Specifically, the VE testified that Plaintiff would be able to perform the requirements of the job as a cashier (5,000 such jobs regionally and 60,000 such jobs nationally) and as a clerk/receptionist (15,000 such jobs regionally and 200,000 such jobs nationally). (Tr. 28).

On September 6, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 15). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable determination. (Tr. 5-8). On February 5, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on February 14, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (1) the ALJ improperly discounted her subjective complaints of disabling pain; (2) the ALJ did not provide any rationale supporting his conclusory statement that Plaintiff did not suffer from a listed impairment; and (3) the ALJ did not adequately explain the basis for his RFC finding. (Doc. No. 7, Pages 5-12). In response, Defendant claims that substantial evidence supports the ALJ's RFC determination, that the ALJ properly assessed Plaintiff's credibility and discounted it for legally sufficient reasons, and that Plaintiff failed to satisfy her Step Three burden of establishing that she has an impairment that meets or equals the requirements of the Listings. (Doc. No. 8, Pages 4-20). Because this Court finds the ALJ's RFC determination is not supported by substantial evidence, this case must be reversed and remanded.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case, Plaintiff claims the ALJ erred in evaluating her RFC because he found she could "occasionally climb, balance, stoop, crouch, kneel, and crawl." (Doc. No. 7, Pages 11-12). Plaintiff claims that this determination is not supported by substantial evidence in the record. *See id.* Plaintiff claims the ALJ should have found Plaintiff was *unable* to crouch, kneel, or crawl. *See id* Plaintiff claims that Dr. Roshan Sharma's findings support such a limitation. *See id.* In response, Defendant claims that Dr. Sharma's report "generally supports" the ALJ's RFC determination, including the ALJ's finding regarding Plaintiff's ability to crouch, kneel, or crawl. (Doc. No. 8, Pages 11-12). Furthermore, Defendant claims that *even if* the ALJ's RFC determination was inconsistent with Dr.

6

Sharma's report, that inconsistency is harmless error. *See id.* Specifically, Defendant claims that neither the of the jobs the vocational expert identified, a cashier and a information clerk/receptionist, require crouching, kneeling, or crawling according to the *Dictionary of Occupational Titles. See id.*

After reviewing these arguments, this Court finds the ALJ erred in evaluating Plaintiff's RFC. As essentially admitted by Defendant, Dr. Sharma's findings are inconsistent with the ALJ's RFC determination. Dr. Sharma found Plaintiff was *unable* to crouch, kneel, or crawl while the ALJ found Plaintiff could *occasionally* perform those actions. Defendant has not provided to this Court, and the record does not otherwise establish, that any other evidence provides substantial evidence supporting a finding that Plaintiff can *occasionally* crouch, kneel, or crawl. Therefore, this Court finds there is no such evidence.

Furthermore, as for Defendant's argument regarding "harmless error," this Court finds that this error should not be dismissed as "harmless error."[2] By improperly evaluating Plaintiff's RFC and improperly relying upon this faulty RFC determination, the ALJ also erred in his Step Five determination in determining whether Plaintiff could perform other work in the national economy. At Step Five, Defendant carries the burden of establishing that there are other jobs Plaintiff can perform in the national economy. *See Banks v. Massanari,* 258 F.3d 820, 827 (8th Cir. 2001). Defendant can meet this burden by either relying upon the testimony of a vocational expert or by relying upon the "Grids." *See id.* The ALJ may only rely upon the testimony of the VE where the ALJ offers a *properly phrased hypothetical* to the VE, and the VE testifies in response to that hypothetical. *See Page v. Astrue,* 484 F.3d 1040, 1045 (8th Cir. 2007). In this case, since the ALJ's

---

[2] Defendant provides essentially no caselaw in support of his argument that this error should be considered "harmless error." (Doc. No. 8, Page 12). Defendant only cites to *Benskin v. Bowen,* 830 F.3d 878, 883 (8th Cir. 1987), which held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency was a harmless error with no practical effect on the outcome of the case.

hypothetical question did not include all Plaintiff's impairments, it is not considered "properly phrased." *See id.* Therefore, the VE's response to that hypothetical question does not provide substantial evidence supporting the ALJ's disability determination.

Furthermore, Defendant claims this error is "harmless" based upon his reading of the *Dictionary of Occupational Titles* ("DOT"). Defendant claims that, because the *DOT* does not place any limitations on crouching, kneeling, or crawling for the occupations the VE specified, there is no reversible error. However, Defendant's reliance on the *DOT* is misplaced. Specifically, in her testimony, the VE did not state that the jobs she identified were based upon the *DOT,* and the ALJ never asked the VE to clarify whether her testimony was consistent with the *DOT*.  (Tr. 575-578). Therefore, the fact that the *DOT* may be consistent with the ALJ's findings is irrelevant. The ALJ's disability determination was based upon the VE's testimony regarding Plaintiff's ability to perform other work in the national economy and was not based upon his reading of the *DOT.* (Tr. 28-29, Findings 9-10).

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE